**WO**     NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Noreen Larsen, | No. CV-16-08191-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| United Parcel Service, *et al.*, | |
| Defendants. | |

At issue are *pro se* Plaintiff Kim Noreen Larsen's Amended Complaint (Doc. 7, Am. Compl.) and "Motion Regarding Rule 4(d) Waiving Service" (Doc. 8).

The Court previously granted Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. 3) but dismissed Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2) for failing to comply with Federal Rules of Civil Procedure 8 and 10(b). (Doc. 6.) The Court afforded Plaintiff 30 days to file an Amended Complaint complying with those rules. Plaintiff filed her Amended Complaint within 30 days on September 30, 2016. (Doc. 7.)

However, upon review of Plaintiff's Amended Complaint, the Court finds that it remains unclear that the requisite amount in controversy has been met. "[A] federal court has subject matter jurisdiction unless upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (internal quotation marks omitted). While Plaintiff provided exhibits attesting to the cost of training service animals

and the specific training involved (Am. Compl., Exs. 1-2), neither exhibit illustrates an amount in controversy above $30,000. This does not meet the $75,000 benchmark required to confer federal jurisdiction. Further, attestations regarding the value of a service animal at $30,000 do little to substantiate the $5.5 million in damages Plaintiff seeks. *See, e.g.*, *Roger v. Apartment Mgmt. Consultants, LLC*, No. 2:13-CV-01646-APG, 2013 WL 6693485, at *3 n.3 (D. Nev. Sept. 17, 2013) (noting that while *pro se* plaintiff's complaint alleged $6.9 million in compensatory and punitive damages for what was "essentially a landlord-tenant dispute involving a $150.00 deposit, $1,205.00 in monthly rent, and an allegedly uninhabitable apartment," those damages did not meet the jurisdictional amount). Although Plaintiff may be able to bring her claim in state court without satisfying these federal jurisdictional requirements, the Amended Complaint does not reasonably allege an amount in controversy that would confer diversity jurisdiction on this Court. The Court will dismiss Plaintiff's Amended Complaint but afford Plaintiff one final opportunity to provide a basis for damages that meet the Court's jurisdictional requirement.

Because Plaintiff's Amended Complaint is dismissed for failure to comply with the Federal Rules of Civil Procedure, Plaintiff's "Motion Regarding Rule 4(d) Waiving Service" is moot.

**IT IS THEREFORE ORDERED** dismissing Plaintiff's Amended Complaint (Doc. 7).

**IT IS FURTHER ORDERED** that Plaintiff may file a Second Amended Complaint that complies with the Federal Rules of Civil Procedure and demonstrates an ability to meet the requisite amount in controversy no later than 30 days from the date of this Order. If no Second Amended Complaint is timely filed, the Clerk shall dismiss this action without further Order of the Court.

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion Regarding Rule 4(d) Waiving Service (Doc. 8) as moot.

Dated this 9th day of November, 2016.

_____
Honorable John J. Tuchi
United States District Judge